**CANDID COLOR SYSTEMS, INC., Appellee,**

v.

**EDDIE ROBERTSON & ASSOCIATES, INC., Appellant.**

No. 86691.

Court of Appeals of Oklahoma, Division 1.

March 29, 1996.

Frederick W. Southern, Jr., Oklahoma City, for Appellant.

Michael F. Lauderdale, McAfee & Taft, Oklahoma City, for Appellee.

### *MEMORANDUM OPINION*

GARRETT, Judge:

Candid Color Systems (Candid) retained Eddie Robertson & Associates, Inc., (Agency), to find a person suitable for employment by Candid as an AS400 Senior Programmer. Agency holds a license as a private employment agency. Agency located an individual and recommended that he be hired. Candid hired him in February, 1995, and paid Agency a fee in excess of $9,000.00 for this service. Candid terminated the individual in March, 1995, which was less than 60 days after he was hired. Whether the individual's employment should or should not have been terminated is not an issue.

Candid demanded a refund of the fee. The demand was refused. Candid sued Agency for a refund, and based its action on 40 O.S.1991 §§ 35 et seq. (Act) [particularly, § 55(b)] relating to private employment agencies. Agency alleged, inter alia, the sum paid was actually $9,408.00; it was paid as a search consultant fee; and, therefore, § 55(b) did not apply. Agency also denied Candid was entitled to a refund because it had offered to refer other candidates, and offered to assist Candid in finding a replacement. Both offers were rejected.

Agency moved for summary judgment and contended: Candid's sole remedy was under the Act; the Act was subject to the provisions of the Oklahoma Administrative Procedures Act, 70 O.S.1991 § 250 et seq.; Candid had not made a claim with the Administrator as required by § 53 of the Act, and therefore had not exhausted its administrative remedies; § 55(b), supra, was inapplicable to this fact situation; there was no right of action under the Act; and, the exclusive remedy for complaints under the Act was an administrative remedy.

Candid also moved for summary judgment and contended: Agency recommended an individual for employment; Candid hired the individual and then fired him one month later; Candid paid Agency for finding the employee; Candid demanded the fee be returned; Agency refused to do so; and, Agency was subject to the Act. Candid admitted it had not filed a claim with the Administrator of the Act, but contended it was not required to do so. Candid also contended the question of whether Agency was paid a retainer or consulting fee, as contemplated by § 55(b), was one for a jury. The court sustained Candid's motion, denied Agency's motion, and entered summary judgment accordingly. Agency appeals.

The pertinent statutes are 40 O.S.1991 § 52(g), § 55(b), and § 53/(n). They are as follows:

*Section 52(g):*

> "Private employment agency" shall mean any business operated in this state by any person, firm or corporation for profit which secures employment or by any form of advertising holds itself out to applicants as able to secure employment or to provide information or service of any kind purporting to promote, lead to or result in employment for the applicant with any employer other than itself, where any applicant may become liable for the payment of a fee to the private employment agency, either directly or indirectly....

*Section 55(b):*

> In all instances wherein permanent employment is terminated within the definition of temporary employment, every employment agency shall give to every person from whom an overpayment of fee has been received, if requested within six (6) months of such termination, a refund in the amount of such overpayment, such refund to be made promptly within ten (10) days following the agency's receipt of verification from the employer of the inclusive dates of employment and the total gross earnings of the employee. *This subsection shall not apply to any employment agency acting as*

*a search consultant that is retained and compensated solely by the employer on a retainer or consulting basis.* (Emphasis supplied.)

*Section 53(n):*

Every complaint against an employment agency shall be made in writing to the Administrator and shall be thoroughly investigated. A complete record of the investigation and disposition of the complaint shall be made and become a permanent record in the Administrator's office. Whenever, for any cause, a license is revoked, the Administrator shall not within two (2) years from the date of such revocation issue another license to the person whose license has been revoked.

Under § 52(g) a private employment agency is any business which secures or attempts to secure a job or employment for a person [prospective employee] who is looking for a job. Neither § 52(g) nor any other provision of the Act indicates that a business which recruits employees for an employer is included within the definition of a private employment agency. It follows that Agency, while seeking to recruit an employee for Candid, was not acting in its capacity as a private employment agency.

Under § 55(b), upon which Candid bases its claim, the only required refund relates to a fee received by Agency from an individual using Agency's services in an effort to get a job. Nothing in § 55(b) or any other provision of the Act requires a refund when Agency's services were used to recruit an employee for a prospective employer. In fact, § 55(b) specifically provides that it does not apply to an employment agency when it is acting as a "search consultant" that is compensated solely by the employer on a retainer or consulting basis. While the term "search consultant" is not defined in the Act, it is obvious, and we hold, that it includes a private employment agency while engaged in recruiting an employee [one or more] for an employer and is compensated solely by the employer.

Under § 53(n) a complaint against an "employment agency" must first be made

in writing to the administrator. We think it is clear, and hold that this statute applies when a business is acting in the capacity of a private employment agency; and, this statute does not apply to a claim against a business such as Agency when it acts in some other capacity. The contentions that Candid's claim against Agency could not be filed in district court, because Candid did not first exhaust its administrative remedies, lack merit.

The trial court erred when it entered summary judgment for Candid against Agency. Candid has no claim against Agency based on the Act, particularly § 55(b), unless the contract between the parties so provides. It appears that the contract between Candid and Agency may have been oral, but we do not presume anything about its provisions outside of the pleadings and the motions for summary judgment. Be that as it may, any action must be for breach of contract, whether it be oral or written. Since the contract is not before this court, except as mentioned herein, we cannot, and do not express any opinion in this regard.

The judgment is reversed and this case is remanded for further proceedings, if any be proper. If Candid's claim is solely based on § 55(b) [and not on some alleged breach of contract], the trial court is directed to enter judgment for Agency. If Candid's claim is based on an alleged breach of contract, then summary judgment, at this point, is improper.

REVERSED AND REMANDED.

JONES, P.J., and JOPLIN, J., concur.